This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant John Fazzone appeals from his conviction in the Cuyahoga Falls Municipal Court. We affirm.
Between 12:30 a.m. and 1:00 a.m. on January 24, 1998, Trooper Kenneth Collins of the Ohio State Highway Patrol was monitoring traffic on the Ohio Turnpike in the city of Hudson, Ohio, when he observed a car crash into the rear of a semi tractor-trailer on the eastbound side of the freeway. Collins drove to the scene of the collision and exited his vehicle. As he approached the car involved, he came upon Fazzone, the car's driver. Collins noticed that Fazzone had bloodshot eyes and exuded an odor of alcohol. Collins then administered a field sobriety test, which Fazzone failed.
Later, Collins administered three breath alcohol tests to Fazzone. The breath test device gave the first test result as "incomplete." The device gave the second test result as "invalid." The third test result showed Fazzone had an alcohol level of 0.149, in excess of the legal limit of 0.10. Based on the events of that night, Fazzone was charged with driving without a seat belt, in violation of R.C. 4513.263(B)(1), failing to maintain an assured clear distance, in violation of R.C.4511.21(A), operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and operating a motor vehicle with a breath alcohol level in excess of the legal limit, in violation of R.C. 4511.19(A)(3). Fazzone appeared in the Cuyahoga Falls Municipal Court and pleaded not guilty to all charges.
 On February 18, 1998, Fazzone moved to suppress all evidence. Fazzone argued, inter alia, that the results of the breath test should be suppressed because the mouthpiece of the breath test device was not changed between each of Fazzone's three tests. A hearing was held on April 9, 1998. At the hearing, Collins testified that he did not specifically remember changing the mouthpiece to the breath test device between each of Fazzone's three tests but that he always changed the mouthpiece after each breath test. Based on his past conduct, Collins testified that he believed that he did change the mouthpiece for each of Fazzone's three breath tests.
The trial court denied Fazzone's motion on April 24, 1998. On May 12, 1998, Fazzone pleaded no contest to driving with a breath alcohol level in excess of the legal limit, and the remaining charges were dismissed. The trial court found Fazzone guilty and sentenced him accordingly. Fazzone now appeals to this court.
Fazzone asserts one assignment of error:
The trial court erred by overruling the defendant/appellant'smotion to suppress the results of the BAC Datamaster breath test,clearly to the prejudice of the defendant/appellant.
The central issue in this appeal is Collins' testimony as to whether he changed the mouthpiece of the breath test device between tests. The testimony was admitted as evidence of habit, based on Collins' statement that he always changes the mouthpiece. On appeal, Fazzone "is not challenging the admissibility of the habit evidence, however, he is challenging the sufficiency of its weight in this particular case." Fazzone argues that Collins' testimony did not meet the preponderance of evidence standard imposed on the State. We disagree.
In a suppression hearing, the State must meet its burden by a preponderance of the evidence. State v. Breeze (1993), 89 Ohio App.3d 464,471. When considering whether the trial court's determination is against the manifest weight of the evidence, we "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. See id.
Evid.R. 406 states: "Evidence of the habit of a person * * *, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person * * * on a particular occasion was in conformity with the habit[.]" In the case at bar, Collins testified that he customarily changed the mouthpiece of the breath test device but could not specifically recall whether he did so between Fazzone's three tests. Thus, Collins' testimony was sufficient under Evid.R. 406 to prove that Collins did in fact change the mouthpiece between breath tests.
Fazzone argues that the evidence is in equipoise and that therefore the State did not meet its burden. However, his argument presumes that habit evidence, though admissible, cannot prove that Collins did change the mouthpiece between breath tests. We cannot agree. Such reasoning ignores the plain language of Evid.R. 406, which specifically allows habit evidence to be used as proof of an act. The State produced evidence that Collins changed the mouthpiece of the breath test device between Fazzone's three tests. The trial court did not produce a manifest miscarriage of justice by finding that the State had met its burden by a preponderance of the evidence. Fazzone's motion to suppress was properly denied.
Fazzone's sole assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
SLABY, P. J.
CACIOPPO, J.
CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)